Hun.] First Department, June Term, 1895.

made by Mr. Fenwick, the agent in Paris and Europe of the Shreve, Crump & Low Company, who consulted Mr. Watson about it, and was by him advised to purchase. The only other connection that Watson seems to have had with the pictures was that he privately exhibited them in New York to a Mr. Lambert, who subsequently became the purchaser. There are some features of the evidence which suggest that had the purchase of the Monticellis not turned out to be very profitable the trustees might have been permitted to bear the loss or accept a moderate price. While this is so, there is evidence of a substantial character that the paintings were bought by Fenwick in the first instance for his own account, and afterwards sold by him to the plaintiff. The finding of the trial court, therefore, has such support in the evidence as requires its affirmance. The further position is taken by the appellants that they are entitled to a modification of the judgment, so that it will provide that the costs and expenses of administering the trust shall be paid out of the proceeds of the trust estate before the judgment in question shall be paid. Ordinarily the position would be right, and it was our first impression that the modification requested should be granted, because in accordance with a proper construction of the trust agreement. But, on examining the record, we find a stipulation by appellants' counsel, made in open court, "that the assets were $81,801.62, while the liabilities were only $26,166.46. That is, liabilities in the execution of the trust." We cannot conceive that the stipulation had any other purpose than to assure the court that the assets were ample to defray the expenses of the trust, and afterwards pay such sum as plaintiff should recover in full. As the stipulation carried that assurance to the court, and must have been intended to do so, we do not think appellants at this time are entitled to a modification of the judgment in such respect. We think the appellants' claim that the judgment was wrong in so far as it allowed interest to plaintiff from October 20, 1891, to April 4, 1893, is well founded. The prayer for relief in plaintiff's complaint demanded interest from April 4, 1893. There was no amendment of the complaint during the trial respecting the allegations as to interest. There was no suggestion, as far as we have observed, during the progress of the trial, that plaintiff was entitled to interest prior to the termination of the trust. The suggestion of respondent's counsel to the court, as appears from the record, was distinctly otherwise; he said: "We would be entitled to interest at the expiration of the three years is our contention." The three years did not expire until about July, 1893. Whether the plaintiff could have recovered interest for any period prior to that time, had it been in a position to ask for it, is not passed upon. It was not entitled to recover interest prior to April 4, 1893, because it did not demand it in its complaint, and permitted the trial to close without altering its position. The judgment should be modified by deducting therefrom interest on $5,636.68 from October 20, 1891, to April 4, 1893, and, as modified, affirmed, without costs to either party. Van Brunt, P. J., and Follett, J., concurred.

Minnie Rinaldo, Respondent, v. The Manhattan Railway Company and Another, Appellants.— Judgment reversed, new trial ordered, costs to appellants to abide event.—

Per Curiam : After an examination of the evidence in this case it seems to us apparent that it does not justify the awards which have been made, either for rental damage or for fee damage. It seems to be doubtful

whether from the evidence any such damage has been sustained. The judgment seems to rest upon inference rather than upon proof. We have endeavored to ascertain from the evidence some basis upon which a reduced amount might be awarded, but we have been unable to arrive at any conclusion based upon such evidence. It seems hardly necessary to discuss in detail the evidence for the purpose of showing the particular points in which it is defective, as it seems to us upon a consideration thereof that it has little or no probative force. We are of opinion that the judgment appealed from must be reversed and a new trial ordered, with costs to the appellants to abide the event. Present — Van Brunt, P. J., Follett and Parker, JJ.

Thomas Crimmins, Respondent, v. The Metropolitan Elevated Railway Company and Another, Appellants.— Motion denied, with ten dollars costs.

Rose Cohen, Respondent, v. The Manhattan Railway Company and Another, Appellants. —Judgment modified as directed and affirmed as modified, without costs.—

Per Curiam : The fee damage in this case should be reduced to $1,250, the rental damage to $100 a year, and the extra allowance to $100. The judgment as so modified should be affirmed, without costs to either party. Present — Van Brunt, P. J., O'Brien and Parker, JJ.

Charles M. Church and Others, Respondents, v. The Manhattan Railway Company and Another, Appellants.— Judgment modified by reducing fee damage to $5,000, and as modified by such reduction affirmed as modified, without costs.—

Per Curiam : Upon an examination of the evidence in this case we think that the fee damage should be reduced to the sum of $5,000. The judgment as modified by such reduction should be affirmed, without costs to either party. Present — Van Brunt, P. J., O'Brien and Parker, JJ.

Fannie H. Kingsbury and Others, Respondents, v. The Manhattan Railway Company and Another, Appellants.— Judgment affirmed, with costs. No opinion.

David J. King, as Executor, Respondent, v. The Metropolitan Elevated Railway Company, Appellant.— Judgment affirmed, with costs. No opinion.

Charles Hoffman and Others, Respondents, v. The Manhattan Railway Company and Another, Appellants.— Judgment modified by reducing rental damage to $6,750 and fee damage to $7,500, and as so modified affirmed, without costs.—

Per Curiam : Upon an examination of the evidence in this case we think that the rental damage should be reduced to $6,750, and the fee damage to $7,500. The judgment, as so modified, should be affirmed, without costs. Present — Van Brunt, P. J., O'Brien and Parker, JJ.

In the Matter of Audubon Avenue.— Order affirmed, with ten dollars costs and disbursements. No opinion.

St. Louis Stamping Company, Appellant, v. Edwin S. Piper, Respondent.— Order affirmed, with ten dollars costs and disbursements.—

Per Curiam : We do not think that an injunction pendente lite ought to be granted. The order appealed from should be affirmed, with ten dollars costs and disbursements. Present — Van Brunt, P. J., O'Brien and Parker, JJ.

Frances V. Greene, Plaintiff, v. Frederick B. Carey, Defendant.— Motion granted, with ten dollars costs.

In the Matter of One Hundred and Fifty-fourth street.— Motion granted, with ten dollars costs.

87 623
148a 731

87 623
158a 724